ALEXANDER LEVY & CO. *v.* THE MUTUAL BENEFIT LIFE AND FIRE INSURANCE COMPANY— C. W. HORNOR, Receiver.
E. W. SEWELL *v.* SAME — Consolidated Case.

The Company was organized on the mutual principle, its sole capital consisting in the premiums paid by those who insured with the Company; and the notes for premiums constituted a reserved fund for the payment of losses, which the Directors, under their charter, had no authority to divert from the payment of the losses to which they were specially affected.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Durant* and *Cohen*, for *Hornor*, appellant. *Benjamin & Micou*, for *Sewell*, appellee.

OGDEN, J.   This suit was instituted to enforce an act of pledge of the notes of the shareholders in the Company.   The Directors made the pledge in favor of the plaintiff, to secure the payment of a sum of money which they borrowed from him.   After the suit was brought, the defendants were declared insolvent, a receiver appointed to administer their assets, and this cause was transferred from the Second District Court, and ordered to be cumulated with the proceedings in liquidation of the Company.   The receiver, in his answer, denies the authority of the Directors to pledge the notes of the Company in favor of the plaintiff, and asks to have them delivered over to him.   The notes thus pledged were given by the stockholders for premiums on insurance due by them to the company.   The twelfth section of the charter of the corporation provides that if losses are sustained by the Company to a greater amount than they have funds on hand to discharge, the Directors shall assess such deficiency in a rateable proportion on the members of the Company, according to the amount of each member's insurance, provided such assessment shall not exceed the amount of the premium note or obligation given by each member.   The Company was organized on the mutual principle, its sole capital consisting in the premiums paid by those who insured in the Company, and the notes on hand for premiums constituted a reserved fund for the payment of losses.   There is no special power in the charter by which the Directors would be authorized to make any other use of the premium notes, than the one thus pointed out by the section referred to.   The act of the Legislature of 16th of March, 1848, providing for the organization of corporations, requires that the charter of the Company shall contain a distinct enumeration of the powers of the Directors.   The power claimed as resulting by implication from the general powers conferred on the Directors, is not consistent with the peculiar provision above alluded to, and we think the Directors had no authority to divert the notes from the payment of the losses of the Company, to which they were specially affected.

The judgment of the Court below is, therefore, reversed, and it is ordered and decreed that the plaintiffs deliver to the receiver, *Charles W. Hornor*, as representing the insolvent corporation, all the bills and notes described in the act of pledge, to be collected by him, and appropriated first to the payment of any losses of the Company ; and that this case be remanded to the Court below to settle the rights of the plaintiffs in *concurso*, with the other creditors of the Company ; the costs of appeal to be born by plaintiffs and appellees.